## CHAPMAN v. YOUNGER.

1. In action for cancellation of a note and mortgage upon the ground of payment, the fact of payment being disproved, no ground exists for cancellation, nor can the plaintiff, under an amendment to that end, demand that defendant surrender these papers to another person alleged to be the lawful owner.

2. The point that defendant should be enjoined from selling under a power of sale contained in the mortgage, because she was not the legal assignee, though embraced within the facts stated in the complaint and covered by the testimony, not determined, because it was not presented to the Circuit Court nor there considered, and because, if she is not the legal assignee, her sale under the power would not divest plaintiff's title.

Before HUDSON, J., Spartanburg, April, 1889.

This was an action by B. B. Chapman against Mary Younger, commenced February 3, 1888. The appeal was from the following decree:

After hearing the preceding evidence and argument of counsel herein, I am satisfied that the action cannot be sustained. In the first place, the plaintiff does not sue as executor, and as mortgage debtor he has no right to the relief he seeks. Again, the action cannot go on, because there are other parties who are interested—the other executor and the other devisees and legatees under the will of James Younger—who are not before the court. But if all parties were before the court, the plaintiff still could not prevail, because his debt is not paid by operation of law. There has been no such possession of the note by this plaintiff, nor intention to regard the note as paid by operation of law, nor assets in his hands as would entitle him now to take the position he does. On the contrary, it does appear from the evidence that for two years the defendant has had possession of this note by the consent of the executors, it being turned over to her with the other notes of the estate for collection. Again, I am satisfied from the evidence that the note ought not to be adjudged paid, because to do so would greatly imperil, if not completely lose, the whole debt to the estate, because the only thing that renders the note good is the mortgage securing it.

It is therefore ordered and adjudged, that the complaint be dismissed with costs.

Plaintiff appealed on the following grounds: 1. In holding that the action cannot be maintained, because the plaintiff does not sue as executor. 2. In ruling and holding that the plaintiff has no right to the relief he seeks. 3. In holding that the debt was not paid by law. 4. In ordering and adjudging that the complaint should be dismissed. 5. In refusing to grant the plaintiff any relief whatsoever.

*Messrs. Duncan & Sanders* and *Nicholls & Moore*, for appellant.

*Messrs. Bomar & Simpson,* contra.

March 15, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, admitting that he had at one time given a mortgage to one James Younger, covering certain real estate, of which he was the owner, alleged in his complaint, in the action below, that the defendant was in possession of said mortgage, and had advertised the said land for sale by virtue of a power alleged to have been given in said mortgage; that said defendant was not the rightful owner of said mortgage; that the debt intended to be secured thereby had been paid, and that notwithstanding this, the defendant had refused to deliver up said mortgage, and he demanded judgment, that defendant be enjoined from proceeding to sell, and that said mortgage be delivered up and be cancelled upon the record, and for such other and further relief as might be proper, &c. The complaint was amended by inserting a prayer, that the defendant be required to deliver the said mortgage to the executors of the said James Younger, deceased.

The defendant, by his answer, admitted possession of the mortgage, but denied payment, and averred ownership, and asked judgment of dismissal of the complaint, &c.

The testimony reported by a referee showed that the mortgage in question had been given by the plaintiff to James Younger, to secure a large debt, $1,000; that it authorized the said Younger, his heirs, executors, administrators, and assignees to sell the mortgage property upon default of payment; that Younger died, leaving a will, in which he bequeathed to his wife his estate upon certain terms, &c.; that in said will the plaintiff and one Lancaster were appointed executors, who qualified, and very soon thereafter this mortgage and the note intended to be secured thereby, with other uncollected assets, were turned over by Lancaster with the knowledge of the plaintiff to the defendant, the widow of James Younger, who, after holding possession for some two years, being unable to make collection thereof otherwise, advertised the land for sale under the power in the mortgage.

His honor, Judge Hudson, before whom the case came to trial, dismissed the complaint, holding that the allegation of payment,

which was based upon the fact that the debtor had been appointed executor of the creditor, could not avail under the circumstances of this case, and that the plaintiff not suing as executor, but as debtor, the relief he asked could not be granted. At the hearing of this appeal, the appellant abandoned the claim of payment, and based his appeal upon the ground that the Circuit Judge erred in holding that the action could not be maintained, as plaintiff did not sue as executor, and that the plaintiff had no right to the relief he sought, and in dismissing the complaint. These exceptions, as urged by the respondent, are very general, and do not disclose distinctly any legal proposition for our review, such as exceptions should always do. It is possible, however, to get a legal proposition out of the 1st exception, to wit, that his honor erred "in holding that the action cannot be maintained, because the plaintiff does not sue as executor."

The prayer of the complaint was at first that the plaintiff be restrained from proceeding with the sale, and that the mortgage be delivered up and cancelled. This was based primarily upon an allegation of payment, which has been abandoned. The complaint was amended before trial by inserting a prayer, that the note and mortgage be turned over to the executors of James Younger, deceased. Strike out the allegation of payment in the complaint, and there would certainly be no ground to sustain the action for cancellation of the note and mortgage. And we know of no law which would authorize a debtor to institute and maintain an action, like the one here, demanding that a party in the possession of a note and mortgage against him should be required to deliver them up to some other party.

It may be said, however, that the prayer of a complaint is no part of the complaint itself, and notwithstanding a plaintiff may mistake the relief, yet he should get such as the facts might entitle him to ; and that here, it appears from the testimony that defendant is threatening and proceeding to foreclose a mortgage by individual sale of plaintiff's land, without legal authority, and that the action below should be sustained to prevent this proceeding. This phase of the case does not seem to have been urged before the court below, the case there turning very much upon the question of payment of the note and mortgage by operation of law,

and his honor made no distinct ruling upon the question. We therefore pass it by, and we do so the more readily because. if the plaintiff is right as to this question, of which we express no opinion, no harm can result from said sale. If the defendant has no power to sell under the mortgage, from any cause, of course such sale would be a nullity, and therefore harmless.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE McIVER. I concur in the result, because, after the claim of payment of the mortgage debt by operation of law has been eliminated by the abandonment of the appeal as to that point, it seems to me that there is no foundation for the action. For if the defendant, under the terms of the mortgage, is duly invested with the power to sell, then clearly the action cannot be maintained; but if, on the other hand, the defendant is not authorized to execute the power of sale contained in the mortgage, then, if she undertakes to sell, the sale would be void, and the purchaser at such sale would take no title, and hence the plaintiff would be in no danger of having his possession disturbed, and he would have no ground upon which to base a claim for injunction. *Wilson* v. *Hyatt*, 4 S. C., 369. The question, therefore, whether the defendant has the power to sell, under the terms of the mortgage, is not properly before us, and, as I understand, is not decided herein.